IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE HEALTH CARE AUTHORITY FOR BAPTIST HEALTH, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CIVIL CASE NO. 2:24-cv-774-ECM [WO] |
| UNITEDHEALTHCARE OF ALABAMA, INC. *et al.*, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Now pending before the Court is Plaintiff The Health Care Authority For Baptist Health's ("Baptist Health") motion to remand, which the Court construes as containing a motion for costs, including attorneys' fees. (Doc. 28). Baptist Health sued UnitedHealthcare of Alabama, Inc. and UnitedHealthcare Insurance Company (collectively, "UnitedHealth") for various breaches of contract in Montgomery County Circuit Court. (*See* doc. 1-1). UnitedHealth removed the case, arguing the Court has jurisdiction because one of the alleged breaches of contract hinges on "a substantial and disputed question of federal law." (Doc. 1 at 1).[1] Baptist Health opposed removal and filed the pending motions (doc. 28), which are fully briefed and ripe for review. (*See* docs. 31,

---

[1] References to document and page numbers are to those generated by the Court's CM/ECF electronic filing system.

32, 35, 36).[2] After careful consideration of the parties' arguments, the Court (1) finds the motion to remand is due to be GRANTED, (2) remands the case back to Montgomery County Circuit Court, and (3) finds the motion for costs is due to be DENIED.

## II.  VENUE

Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama because the case was removed from a state court within this district. 28 U.S.C. § 1441.

## III.  LEGAL STANDARDS

**A.    Remand**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  A defendant's "right to removal is statutory." *Bowling v. U.S. Nat'l Ass'n*, 963 F.3d 1030, 1033 (11th Cir. 2020). "But because removal jurisdiction implicates 'significant federalism concerns,' [the Court] construe[s] removal statutes strictly." *Id.* (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).  "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court," *Am. Tobacco*, 168 F.3d at 411, and "[a] removing defendant bears the burden of proving proper federal jurisdiction," *Adventure Outdoors, Inc. v. Bloomberg*,

---

[2] The Court received extensive briefing on the motions including Baptist Health's brief in support of the motions (doc. 28), UnitedHealth's response (doc. 31), Baptist Health's reply (doc. 32), UnitedHealth's surreply (doc. 33), and Baptist Health's notice of supplemental authority (doc. 36).  The Court reviewed and considered each submission.

552 F.3d 1290, 1294 (11th Cir. 2008) (quoting *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002)).  "[T]o meet their burden, the defendants must show that the [plaintiff's] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Id.* at 1295.

Here, UnitedHealth acknowledges that diversity jurisdiction does not apply, and the Court only has jurisdiction if Baptist Health's breach of contract claim "implicate[s] significant federal issues," *Grable & Sons Metal Prods., Inc v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  A state law claim, like breach of contract, implicates a federal issue if it is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).  "To determine whether the claim arises under federal law, [the Court] examines the 'well pleaded' allegations of the complaint . . . ." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).  Only a "special and small category" of cases qualify. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).

B.   Costs:  Attorney's Fees

"There is no presumption in favor of awarding attorney's fees and costs under Section 1447(c)." *MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1296 (11th Cir. 2021).  "Instead, 'absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.'" *Id.* (quoting *Bauknight v. Monroe Cnty.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (cleaned up)).

3

## IV. FACTS[3]

"This is a breach of contract case" and involves the operator of a series of hospitals in Alabama, Baptist Health, and an insurance company, UnitedHealth. (Doc. 1 at 1). Baptist Health and UnitedHealth agreed to "Facility Participation Agreements (the 'Agreements') effective August 1, 2017, and amended effective July 31, 2019."[4] (Doc. 1-1 at 6). "Under the Agreements, UnitedHealth agreed to pay for healthcare services provided by Baptist Health to UnitedHealth's members pursuant to the applicable contract rates in the Agreements. The Agreements covered members who are Medicare Advantage ('MA') members and commercial members." (*Id.* at 7).

Baptist Health and UnitedHealth operate within the MA program, which "is a public-private health insurance system that runs parallel to Medicare." *MSP Recovery Claims, Series LLC v. ACE Am. Ins. Co.*, 974 F.3d 1305, 1308 (11th Cir. 2020). This system "allows Medicare beneficiaries to opt into private health insurance plans offered by Medicare Advantage Organizations ([']MAOs[']) that provide coverage in excess of the coverage provided by Medicare." *Id.* The Centers for Medicaid and Medicare Services ("CMS") effectively delegates its responsibilities to the MAOs and pays the MAOs a fixed fee per enrollee. *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1316 (11th Cir.

---

[3] The Court does not recount all the facts and claims at issue in this case but focuses on the ones relevant to the pending motions. The Court draws the facts primarily from the first amended complaint in state court. In briefing on the motion to remand, the parties supplemented the facts with citations to case law that contextualize the contract within the Medicare Advantage system. The background information the Court finds helpful for explaining the system in which the parties operate is included in the facts.

[4] The record does not include the Agreements, so the Court relies on the allegations of Baptist Health's complaint.

2019).  This arrangement allows MAOs to independently contract with hospitals and other medical providers.  Pursuant to 42 U.S.C. § 1395w-24(a)(6)(B)(iii), CMS "may not require any [MAO] to contract with a particular hospital . . . or require a particular price structure for payment under such a contract . . . ."  The alleged breach of one part of the Agreements between Baptist Health, a healthcare provider, and UnitedHealth, an MAO, is the focus of this Opinion.

The disputed provisions of the Agreements relevant to remand concern the incorporation of the pricing structure of § 340B of the Public Health Service Act, 42 U.S.C. § 256b, into the parties' Agreements.  Under § 340B, participant pharmaceutical manufacturers must sell outpatient drugs at discounted prices to qualifying "providers because they care for many uninsured and low-income patients." (Doc. 1-1 at 21–22) (citing 42 U.S.C. § 256b).  As Baptist Health described in its amended complaint,

> When [qualifying providers give] those drugs to traditional Medicare patients, [CMS] pays the [providers] a predetermined rate for those drugs under traditional Medicare. When [qualifying providers within Baptist Health give] those same drugs to UnitedHealth's [MA] members, under their contract with UnitedHealth, UnitedHealth is required to pay [Baptist Health] the exact same rate.

(*Id.* at 4).  Importantly, Baptist Health and UnitedHealth independently negotiated the terms of their Agreements. (*See id.* at 21); *see also Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 64 (D.D.C. 2010) ("While the obligations of a [MA] plan to a Part C enrollee are heavily regulated by federal law and federal contracts, the terms of the contractual relationship between the plan and the hospital, or other health care provider, are left largely to the parties to negotiate and define.").

Independently from the Agreements between Baptist Health and UnitedHealth, CMS changed its methodology for compensating healthcare providers under § 340B in 2018 and dramatically decreased the compensation owed to these providers.[5] (Doc. 1-1 at 23). In 2022, the Supreme Court held CMS unlawfully changed the rate. (*Id.*); *see also Am. Hospital Ass'n v. Becerra*, 596 U.S. 724, 739 (2022) ("HHS's 2018 and 2019 reimbursement rates for 340B hospitals were therefore contrary to the statute and unlawful"). The case was remanded for the lower court to fashion a remedy. (Doc. 1-1 at 24). Instead of directly ordering a remedy for the underpayments, the district court remanded the case to the agency "to develop a solution for the historical underpayments." (*Id.* (citing *Am. Hosp. Ass'n v. Becerra*, 2023 WL 143337, at *1 (D.D.C. Jan. 10, 2023))).

On November 7, 2023, CMS published a final rule in which it elected to issue a one-time, lump sum payments to the providers who were undercompensated during the relevant period. (*Id.*). The final rule "retroactively modified the rate" and essentially "pa[id] the difference between what the hospital should have been paid and what the hospital was paid based on claims data submitted between 2018 and 2022." (*Id.*). In the rule, CMS wrote, "[T]his final rule can be reviewed as a retroactive adjustment to the payment rates for each of 2018 through 2022." (*Id.* (quoting Medicare Program; Hospital Outpatient Prospective Payment System: Remedy for the 340B-Acquired Drug Payment Policy for Calendar Years 2018–2022, 88 Fed. Reg. 77150, 77174 (Nov. 8, 2023)).

---

[5] CMS continued to use the methodology employed in 2018 and 2019 that the Supreme Court later declared unlawful until 2022, so, while the Supreme Court specifically held that the 2018 and 2019 rates were unlawfully set, the holding also affected the 2020, 2021, and 2022 rates. The result was underpayment of providers from January 1, 2018, to September 27, 2022. (*See* doc. 1-1 at 24).

6

After the agency issued its final rule, Baptist Health brought this breach of contract action in state court, alleging that UnitedHealthcare failed to fulfill its obligations under the Agreements. Among other breaches, Baptist Health claims UnitedHealthcare failed to pay the corrected § 340B rates as incorporated into the terms of the Agreements.

## V. DISCUSSION

As previously noted, the Court construes Baptist Health's submission as containing two motions: (1) motion to remand and (2) motion for costs, including attorneys' fees, in responding to removal. The Court addresses the remand motion before considering the parties' arguments for costs.

**A.     Remand**

Three district courts—two within the Eleventh Circuit and one in New York—have recently addressed the question of whether the incorporation of CMS' rates (later ruled unlawful) into a contract satisfies the four factors in *Gunn*. *See Shands Jacksonville Med. Ctr., Inc. v. Aetna Health, Inc.*, 768 F. Supp. 3d 1357, 1358–60 (N.D. Fla. 2025); *NYU Langone Hospitals v. UnitedHealthcare Ins. Co.*, 2025 WL 252454, at *2 (S.D.N.Y. Jan. 21, 2025); *Shands Teaching Hosp. & Clinics, Inc. v. Sunshine State Health Plan, Inc.*, No. 1:24-cv-97-AW (N.D. Fla. Jan. 27, 2025) (unpublished order but produced in the record at doc. 36-1).[6] All three reached the same conclusion and remanded the case to state court. This Court finds the analysis of its fellow district courts persuasive and orders the same remedy.

---

[6] Here, and elsewhere in this Memorandum Opinion, the Court cites nonbinding authority. While the Court recognizes that these cases are nonprecedential, the Court finds them persuasive.

As the other courts explained, and this Court emphasizes, the Supreme Court already decided the federal issue raised by UnitedHealth. Namely, it held that CMS' method of setting its 2018 and 2019 rates was unlawful. *See Becerra*, 596 U.S. at 739. After the district court remanded the case to the agency to fashion a remedy, CMS elected to issue one-time, lump sum payments to the undercompensated providers. *See Becerra*, 2023 WL 143337, at *1; Medicare Program; Hospital Outpatient Prospective Payment System: Remedy for the 340B-Acquired Drug Payment Policy for Calendar Years 2018–2022, 88 Fed. Reg. 77150, 77174 (Nov. 8, 2023). The dispute here focuses on the incorporation of that remedy into a private contract between non-diverse parties. Federal law explicitly allows for MAOs to structure contracts in whatever manner they choose and precludes CMS from involving itself in contract negotiations. *See* 42 U.S.C. § 1395w-24(a)(6)(B)(iii). As the court noted in *Shands Jacksonville*,

> [T]he parties could have chosen any other rate structure. They could have adopted their own rates, or tied their rates to those charged [to] private patients by any specified hospital or drug company or group of hospitals or drug companies, or even tied their rates to the price of West Texas crude oil. Nothing required the rates to have any relationship to the rates [Health and Human Services] adopted for traditional Medicare.

768 F. Supp. 3d at 1359. Whether Baptist Health has a remedy depends on the terms of the contract and Alabama law—not federal law. *See id.* ("Whether retroactive payments are required as a remedy depends on the parties' contract and [state] law of remedies."). UnitedHealth's arguments to the contrary are unpersuasive. Because the parties are not diverse and federal law is not implicated in this case, the Court lacks jurisdiction and remands the case back to the Circuit Court of Montgomery County.

B.   Costs:  Attorneys' Fees

In its motion to remand, Baptist Health requests costs, including attorneys' fees, for the expenses incurred in responding to removal.  "There is no presumption in favor of awarding attorney's fees and costs," and a court "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal" unless "unusual circumstances" exist. *MSP Recovery*, 995 F.3d at 1296 (citation omitted).  "It [ ] makes very little sense to say that a defendant must *necessarily* pay attorney's fees and costs when it removes a case in the face of an adverse district court precedent." *Id.* (emphasis original).

Baptist Health makes three arguments for awarding costs: (1) UnitedHealthcare lacked an objectively reasonable basis for removing the case to federal court in the light of no binding precedent to support removal and adverse district court decisions on similar facts; (2) UnitedHealthcare's removal is especially unreasonable considering arguments it made in an unrelated case in the Fifth Circuit, *see* Br. of Appellees at 34, *Caris MPI, Inc. v. UnitedHealthcare, Inc.*, 108 F.4th 340 (5th Cir. 2024) (No. 23-10901), 2024 WL 627554, at *25 (citing *Tenet Healthsystem GB, Inc. v. Care Improvement Plus S. Cent. Ins. Co.*, 875 F.3d 584, 590–91 (11th Cir. 2017) in part for the proposition that "contract provider's claims are determined entirely by reference to the written contract, not the Medicare Act"); and (3) UnitedHealth's position in this litigation and others meets "the unusual circumstances" standard to justify the awarding of costs because UnitedHealthcare is using removal solely for delay.  In response, UnitedHealthcare argues removal was objectively reasonable.  UnitedHealthcare notes that no Eleventh Circuit or Supreme Court precedent

foreclosed removal and all on-point district court opinions remanding cases were published after UnitedHealthcare's removal.

After careful consideration, the Court finds that attorneys' fees are not appropriate in this case. The Court notes that "[n]either the Eleventh Circuit nor the Supreme Court has weighed in on this [incorporation] matter," *Pruitt v. Hansen & Adkins, Inc.*, 681 F. Supp. 3d 1242, 1253 (M.D. Ala. 2023), and none of the other district courts in cases involving the same issue awarded attorneys' fees to plaintiffs as no party seeking remand requested them. The Court, on this record, determines that UnitedHealthcare's remand was not "objectively unreasonable."

## VI. CONCLUSION

Accordingly, for the reasons stated, and for good cause it is

ORDERED as follows:

1. Baptist Health's motion to remand (doc. 28) is GRANTED;

2. Baptist Health's motion for costs, including attorneys' fees, (doc. 28) is DENIED;

3. This action is REMANDED to the Circuit Court of Montgomery County, Alabama; and

4. The Clerk of the Court is DIRECTED to take the appropriate steps to effectuate the remand.

DONE this 8th day of July, 2025.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

10